455 A.2d 646

**BEATRICE FOODS COMPANY**

v.

**PROCTOR & SCHWARTZ, INC. and the Celotex Corporation and Eclipse, Inc. and Easton Wholesale Co., Inc. and James A Hill, T/A James A. Hill, Contractors**

**Appeal of The CELOTEX CORPORATION.**

Superior Court of Pennsylvania.

Argued May 25, 1982.

Filed Dec. 10, 1982.

Reargument Denied Feb. 25, 1983.

Petition for Allowance of Appeal
Denied July 11, 1983.

354

Michael J. Plevyak, West Chester, for appellant.

Christopher C. Fallon, Jr., Philadelphia, for Beatrice Foods, appellee.

Louis Evan Bricklin, Philadelphia, for Proctor & Schwartz, et al., appellees.

Before BROSKY, WIEAND and BECK, JJ.

BECK, Judge:

Appellee Beatrice Foods Co. ("Beatrice") is a Delaware corporation with its principal place of business in Chicago, Illinois. Beatrice owns and operates a manufacturing and packaging business in Berlin, Maryland. In June, 1977, a fire broke out in the Berlin plant causing extensive damage to Beatrice's property and business. Beatrice initiated a suit in Philadelphia against two defendants, Proctor & Schwartz, Inc., the manufacturer of the equipment in which the fire allegedly began, and Celotex Corporation ("Celotex"), a Delaware corporation with its principal place of business in Tampa, Florida which supplied the insulation material that allegedly caused the fire to spread rapidly through the plant. Celotex thereafter sought to join James A. Hill, an individual contractor who operates his own business in Delaware, who installed the Celotex insulation material. Celotex also moved to dismiss the suit on the grounds of *forum non conveniens.* Hill filed preliminary objections challenging the jurisdiction of the Pennsylvania court over him. The court below sustained the preliminary objections of Hill and denied Celotex's motion for dismissal. Celotex now appeals both orders.

Celotex raises two issues on appeal. The first is whether the lower court erred in ruling that Hill is not subject to the jurisdiction of the Pennsylvania court under the Commonwealth's long-arm statute. The second issue is whether the lower court properly refused under the Commonwealth's long-arm statute to dismiss appellee Beatrice's suit against Celotex on the grounds of *forum non conveniens.*

On the first issue, Celotex argues that Hill, who owns property in Pennsylvania, has brought materials here, and has shipped materials through this state, is therefore sub-

ject to the jurisdiction of Pennsylvania under the terms of 42 Pa.C.S. § 5322:

### § 5322. Bases of personal jurisdiction over persons outside this Commonwealth.

**(a) General rule.**—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

**(b) Exercising of full constitutional power over nonresidents.**—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**(c) Scope of jurisdiction.**—When jurisdiction over a person is based solely upon this section, only a cause of

action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

This Court has held that 42 Pa.C.S. § 5322 makes the exercise of jurisdiction over a non-resident co-extensive with the permissible limits of the due process clause of the Fourteenth Amendment. To determine whether Hill's activities bring him within the reach of our long-arm statute, we have evolved two successive tests. *Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Super. 558, 426 A.2d 635 (1980). The first step of the analysis is to subject Hill's conduct to the test of *Proctor & Schwartz v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11, 15 (1974):

> First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla, supra*, [357 U.S. 235 [78 S.Ct. 1228, 2 L.Ed.2d 1283] (1958)]. Secondly, the cause of action must arise from defendant's activities within the forum state. *See Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir.1968); *Electric Regulator Corp. v. Sterling Extruder Corp.*, 280 F.Supp. 550 (D.Conn.1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *International Shoe Co. v. Washington*, [326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95] (1945)]; *see Southern Mach. Co. v. Mohasco Indus., Inc.*, [401 F.2d 374 (6th Cir.1968)]; *see also In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972); *Kourkene v. American BBR, Inc.*, 313 F.2d 769 (9th Cir.1963).

Hill lives and operates his contracting business in Delaware, has no place of business within the Commonwealth, and has never undertaken any construction nor supplied any services within Pennsylvania. The cause of action clearly does not arise from Hill's activities within the forum state and the test of *Proctor* is not met.

If the standards set forth in *Proctor* are not satisfied, the Court next inquires as to whether the non-resident defendant's activities in Pennsylvania which are unrelated to the cause of action were "continuous and substantial." *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974).

The *Restatement Conflict of Laws, 2d*, 35 states:

"... A state has power to exercise judicial jurisdiction over an individual who does business in the state with respect to causes of action that do not arise from the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction."

 We look now at Hill's contacts with Pennsylvania that are not related to the Maryland fire. Hill concedes that he owns an undeveloped vacation lot in Pennsylvania, that he has occasionally purchased some business machines from Pennsylvania vendors, and that he has in the past used Pennsylvania highways to transport materials, including some used in the Maryland plant (albeit not the Celotex insulation material concerned in the lawsuit). The United States Supreme Court has stated that the concept of "minimum contacts" makes it essential that defendants should be protected against the burdens of litigating in distant and inconvenient forms. States, through their courts, should not reach beyond the limits imposed on them by their status as coequal sovereigns in a federal system. *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), *Kingsley and Keith (Canada) Limited v. Mercer Intern. Corp.*, 291 Pa.Super. 96, 435 A.2d 585 (1981). We conclude that Hill's occasional purchases from Pennsylvania vendors and the use of Pennsylvania highways to transport steel used in the erection of the Maryland building do not constitute business which is "continuous and substantial" within the Commonwealth, and that the test of *Bork* is not satisfied. We therefore affirm the order of the court below sustaining Hill's objection to appellant Celotex's complaint against him as an additional defendant.

The second issue for consideration is Celotex's motion for dismissal pursuant to 42 Pa.C.S. § 5322(e) and the doctrine of *forum non conveniens:*

> **(e) Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

■ At all times material to the present action, Celotex was engaged in business within the Commonwealth, with a sales office located in Philadelphia. Celotex does not challenge the jurisdiction of the Commonwealth over the corporation. *Forum non conveniens* permits a court, exercising its discretion, to refuse to entertain a case even if jurisdictional requirements are met. Since the decision to dismiss is discretionary with the trial court, it is reviewable only as an abuse of discretion. *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960), relying on *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ The two most important factors for the court to consider are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff. Remaining factors to be considered are the interests of the parties and the public relating to accessibility of sources of proof, availability of witnesses, and all such practical matters that help ease, expedite, and reduce the cost of trial. *Daugherty v. Inland Tugs Co.,* 240 Pa.Super. 527, 359 A.2d 465 (1976), *Norman v. Norfolk and Western Railway,* 228 Pa.Super. 319, 323 A.2d 850 (1974), incorporating *Restatement, 2d, Conflicts* § 84.

■ For reasons of justice and comity, a nonresident plaintiff, in this instance Beatrice, is usually entitled to have his complaint heard in the forum of his choice. Dismissal of the plaintiff's action by a court with legal power to grant him relief places the plaintiff in the position of having

expended time and money in a wasted action. A court will therefore not dismiss for *forum non conveniens* unless justice strongly militates in favor of relegating the plaintiff to another forum.

[7] In the instant case, in June 1979 Beatrice initiated suit in Pennsylvania, the jurisdiction where defendant Proctor & Schwartz has its principal place of business and where defendant Celotex has a permanent office. Approximately one year later, in June 1980, after a considerable amount of discovery had been completed, Celotex moved to dismiss the action. While it is true that a defendant does not waive the right to move to dismiss pursuant to 42 Pa.C.S. § 5322(e) by failing to raise the matter as a preliminary objection, our Supreme court has ruled that where a defendant has submitted to the jurisdiction of the present forum, the discretion afforded the trial court is even broader. *Moore v. Ohio River Company*, 406 Pa. 272, 177 A.2d 493 (1961). We adopt the policy of other jurisdictions which have looked to the timing of the defendant's motion in deciding whether the forum is convenient. "Delay in urging application of the doctrine will and should be considered in a determination of whether or not it is to be applied." *Dietrich v. Texas National Petroleum Co.*, 193 A.2d 579 (Del.Super.1963). A defendant cannot let a plaintiff prepare for many months and then raise this objection for the first time. "Such action does not prompt the court to exercise its discretion in their favor." *Fifth & Walnut v. Loew's, Inc.*, 76 F.Supp. 64, 67 (S.D.N.Y.1948).

The substance of appellant's argument is that the case should be heard in Maryland, the site of the fire and the place where witnesses, as well as firefighters and investigators, reside. However, as the trial court correctly maintained, it is the plaintiff Beatrice's burden to prove the cause and extent of the destruction, so that any inconvenience or expense will be borne by it and not Celotex.

Since Maryland has adopted the Uniform Foreign Depositions Act, witnesses may be compelled to appear and testify in the same manner as if the proceedings were pending in

the state of Maryland. This is a products liability case in which it is expected that both parties will call expert witnesses, for whom Philadelphia will be as convenient and accessible as any location within Maryland. We agree, too, with the trial court that appellant Celotex has not shown that a view of the premises will be necessary or helpful to its case.

■ The issue before this Court is not whether Maryland is a more convenient forum, but whether the trial court abused its discretion in denying dismissal so as to preserve the plaintiff's choice of forum. Abuse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill-will. *Buchanan v. Century Fed. Sav. and Loan Ass'n*, 259 Pa.Super. 37, 393 A.2d 704 (1978).

■ We conclude that appellant has not met the burden of proving abuse of discretion, and accordingly we affirm the second order of the court below. Accordingly, both orders of the Court below are AFFIRMED.