J-A24033-16

2016 PA Super 272

| | |
|---|---|
| GEORGE BOCHETTO, AS ADMINISTRATOR OF THE ESTATES OF ANDREW MILLER, DECEASED, DENNIS FALIZE, DECEASED AND JAVIER TERRON SANCHO, DECEASED AND MARK MILLER AND SUSAN MARIE MILLER, DIRK JAN FALIZE, KARIN DEN TURK AND JOSE M. TERRON SANCHO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DIMELING, SCHREIBER & PARK, AND AMERICAN CAPITAL STRATEGIES, LTD, AND CONTINENTAL MOTORS, INC., F/K/A TELEDYNE CONTINENTAL MOTORS, AND TELEDYNE TECHNOLOGIES, INC., AND TDY INDUSTRIES, INC., AND ALLEGHENY TECHNOLOGIES, INC., AND ALLEGEHENY TELEDYNE, INC., AND PIPER AIRCRAFT CORPORATION, AND HONEYWELL INTERNATIONAL, INC., F/K/A ALLIED-SIGNAL, INC. | |
| Appellees | No. 313 EDA 2016 |

Appeal from the Order Dated December 23, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 04911, August Term, 2011

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

OPINION BY SOLANO, J.:                    **FILED DECEMBER 05, 2016**

The estates and family members of three victims of a fatal air crash in Portugal appeal the December 23, 2015, order of the Court of Common Pleas of Philadelphia that, for the second time, dismissed their case with prejudice on grounds of *forum non conveniens*. We affirm.

This case was initially before this Court on an appeal from the trial court's first dismissal on *forum non conveniens* grounds. We refer the reader to our opinion in that appeal, ***Bochetto v. Piper Aircraft Co.***, 94 A.3d 1044 (Pa. Super. 2014) ("***Bochetto I***"), ***appeal denied***, 112 A.3d 648 (Pa. 2015), for a more complete statement of facts.

The plane crash occurred on September 15, 2009, near Castro Verde, Portugal, during a nighttime flight training exercise being conducted by the Aeronautical Academy of Evora ("AAE"). All three occupants of the plane died: Javier Terrón Sancho, a Spanish citizen who was the AAE flight instructor; and two student pilots — Dennis Falize, a Dutch citizen, and Andrew Miller, who had dual Dutch and Australian citizenship.

The aircraft was manufactured by Piper Aircraft Co. in Florida in 1998. It was initially sold to Northern Air Inc. (located in Grand Rapids, Michigan), later sold to S & S Aviation, Inc. (located in Sylvania, Ohio), and finally sold to the Ben-Air Flight Academy (located in Belgium) in 2001. On June 18, 2009, Ben-Air leased the aircraft to AAE, a flight school located in Portugal

- 2 -

and operated by its parent company CAE Global Academy ("CAE").
***Bochetto I***, 94 A.3d at 1045 (citing Trial Court Opinion, 9/27/12, at 1-3).

The Plaintiffs brought this wrongful death and survival action in the Court of Common Pleas of Philadelphia on September 2, 2011. The named Plaintiffs include George Bochetto, who was appointed by the Philadelphia Orphans' Court to be administrator for the estates of the decedents in Pennsylvania[1]; Dutch citizens Mark Miller and Susan Miller, the parents of Andrew Miller; Dutch citizens Dirk Falize and Karin den Turk, the parents of Dennis Falize; and Spanish citizen José Terrón Sancho, the brother of Javier Terrón Sancho. Plaintiffs' Response to Defendants' Motion to Dismiss, 4/2/12, ¶ 7. They named as Defendants fourteen companies involved in the manufacture of the aircraft, and alleged that the Defendants were liable under theories of strict products liability, negligence, breach of express and implied warranties, fraud, and civil conspiracy. ***Bochetto I***, 94 A.3d at 1045-46.[2] The parties agree that all Defendants are located in the United States. ***See*** Civil Action Complaint, 9/9/11, ¶ 9-36.

_____

[1] The court originally appointed Robert C. Daniels, who, after his death, was replaced by Mr. Bochetto.

[2] The original Defendants included Piper, the Florida-based company that designed, manufactured, and sold the aircraft; Dimeling, Schreiber, & Park, a Philadelphia entity that allegedly oversaw and directed the activities of Piper; American Capital Strategies Ltd., a West Conshohocken company that allegedly worked with Dimeling to direct the activities of Piper; Continental Motors, Inc., the company responsible for the engine assembly in the aircraft; Teledyne Technologies Incorporated; TDY Industries, LLC;
*(Footnote Continued Next Page)*

On February 24, 2012, Defendants Piper Aircraft Co., American Capital Strategies, Ltd., and Dimeling, Schrieber, & Park filed a Motion to Dismiss with Prejudice for *Forum Non Conveniens* pursuant to 42 Pa.C.S. § 5322(e).[3] These Defendants argued that dismissal was appropriate because:

> The aircraft was maintained in Portugal, the pilot was trained in Portugal, the underlying accident occurred in Portugal, the Portuguese government conducted the accident investigation, and all of the nonparty witnesses and relevant documents are in Portugal. All of the decedents are from Europe, and the real parties in interest in this case are from Europe.

*Bochetto I*, 94 A.3d at 1047 (citing Motion to Dismiss for *Forum Non Conveniens*, 2/24/2012, ¶2). The Defendants claimed that a Portuguese investigation revealed that CAE/AAE conducted poor aircraft maintenance and pilot training and established that those entities were the "most culpable" for the accident; but, according to the Defendants, CAE/AAE could not be party to Plaintiffs' suit because it was not subject to personal jurisdiction in Pennsylvania. *See* Motion to Dismiss for *Forum Non Conveniens*, 2/24/12, ¶ 5-7, 9, 16.

Plaintiffs opposed the motion, countering that the United States has compelling connections with this case, all of the evidence related to the

*(Footnote Continued)* ———————————

Allegheny Technologies, Inc.; Allegheny Teledyne Incorporated; Honeywell International, Inc., a company responsible for the aircraft's auto-pilot system; McCauly Propeller Systems; Textron, Inc.; and Cessna Aircraft, Co. *See Bochetto I*, 94 A.3d at 1046. Plaintiffs settled their claims with some of these Defendants. *Id.* at 1046 n.3.

[3] Defendant Honeywell joined the motion on July 19, 2012.

design and manufacture of the aircraft is located in the United States, the negligence claims against the foreign defendants are untenable, and CAE has a strong presence in the United States. *See* Plaintiff's Response to Defendant's Motion to Dismiss, 4/2/12. ¶ 1-9.

The trial court granted the motion to dismiss on December 10, 2012, after all Defendants submitted written stipulations "(1) accepting service of process in a subsequent action brought in Portugal alleging the same injuries and damages as set forth in the within action; (2) admitting jurisdiction in Portugal; and (3) waiving the statute of limitations defense in the subsequent action to be filed in Portugal." *Bochetto I*, 94 A.3d at 1047 (quoting Trial Court Opinion, 9/27/12, at 1).[4]

Plaintiffs appealed on December 27, 2012, arguing that the trial court misapplied the law when analyzing the *forum non conveniens* factors.[5] This Court agreed, and held that the trial court erred when it "limited its discussion to those *forum non conveniens* factors that were specific to Pennsylvania, and did not address the network of connections to the United States as a whole." *Bochetto I*, 94 A.3d at 1053. In remanding the case,

---

[4] The trial court entered a conditional order and opinion granting the motion on September 27, 2012.

[5] Plaintiffs also contended that the trial court abused its discretion in failing to give proper deference to the Plaintiffs' choice of forum and improperly shifting the burden of proof on the motion to Plaintiffs. We did not address those grounds in our disposition of Plaintiffs' first appeal.

we instructed the trial court to consider "factors which connect the case generally to the United States, and not merely to Pennsylvania." *Bochetto I*, 94 A.3d at 1056 (citing *Aerospace Finance Leasing, Inc. v. New Hampshire Ins. Co.*, 696 A.2d 810, 815-16 (Pa. Super. 1997)); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257-58 (1981) (one of the leading Supreme Court precedents in this area).

We also held that the trial court abused its discretion by rendering a one-sided discussion which did not "fully consider and discuss the factors weighing both against, and in favor of, an appellant's choice of forum." *Bochetto I*, 94 A.3d at 1055 (citing *Wright v. Aventis Pasteur, Inc.*, 905 A.2d 544, 552 (Pa. Super. 2006), *appeal denied*, 916 A.2d 1103 (Pa. 2007)); *see also Bochetto I* at 1056 (citing *Plum v. Tampax, Inc.,* 160 A.2d 549, 553 (Pa. 1960)). We specifically listed several private[6] and public

_____

[6] We stated that the following private factors weigh in Plaintiffs' favor:

> (1) evidence relating to the design, manufacture and testing of the aircraft is located in the United States; (2) all of the witnesses regarding [Plaintiffs'] claims of design defect and products liability are located in the United States; (3) evidence relating to the aircraft's two previous American owners, and documentation of maintenance and upkeep of the aircraft during that time period, are located in the United States; (4) two of the remaining defendant-corporations (Dimeling and American Capital) are registered Pennsylvania corporations; (5) two of the remaining defendant corporations maintain principal places of business in Pennsylvania (Allegheny Technologies, Inc., and Allegheny Teledyne, Inc.); (6) three of the remaining defendant-

*(Footnote Continued Next Page)*

factors[7] favoring Plaintiffs' choice of forum in this case. ***Bochetto I***, 94 A.3d at 1055. We remanded "for the trial court to conduct a complete and thorough analysis of **all** relevant *forum non conveniens* factors in this case" and cautioned the court against placing central emphasis on any one factor. ***Id.*** at 1056, n.11 (emphasis in original) (citing ***Reyno***, 454 U.S. at 249-50).

Upon remand, the trial court ordered the parties to conduct discovery and file supplemental briefs in light of the directives of this Court. Trial Court Opinion, 12/23/15, at 2. After oral argument, the lower court again dismissed the case on *forum non conveniens* grounds by the order dated December 23, 2015. ***Id.***

Plaintiffs filed a notice of appeal to this Court on January 8, 2016. In their brief, they raise the following issues:

*(Footnote Continued)* ────────────

corporations maintain registered agents in Pennsylvania (Continental, Teledyne Technologies, Inc., and Honeywell).

***Bochetto I***, 94 A.3d at 1055 (paragraphing, footnotes and citations omitted).

[7] We pointed out that Portugal has less of an interest in this case than Scotland did in ***Reyno*** (where the aircraft accident took place in Scotland and the victims/plaintiffs were from Scotland), because, "In this case, none of the decedents/pilots, plaintiffs, defendants or parties-in-interest are Portuguese." ***Bochetto I***, 94 A.3d at 1055. We also mentioned that the trial court should have discussed the general interest that the United States has "in ensuring that American manufacturers are deterred from producing defective products." ***Id.*** (citing ***Reyno***, 454 U.S. at 260). We note that ***Bochetto I*** mentions the deterrence factor twice — as both a public and private factor. In this opinion, we address it in our discussion of the public factors.

1. Did the lower court abuse its discretion by failing to afford the appropriate deference or "solicitude" due to Plaintiffs' choice of forum?

2. Did the lower court's failure to accord any deference to Plaintiffs' choice of forum necessarily result in a misapplication of the law, which is evident from the lower court's failure to find that *even one* private or public factor weighed in favor of Plaintiffs?

3. Did the lower court commit reversible error when it accorded dispositive weight to Defendants' purported inability to join non-parties CAE and AAE, and improperly shifted the burden of proof to Plaintiffs[]?

4. Did the lower court abuse its discretion by disregarding this Court's instruction to consider the substantial United States interest in ensuring that American manufacturers are deterred from producing defective products?

Appellants' Brief at 5-6 (emphasis in original; suggested answers omitted).

A trial court's decision to dismiss based on *forum non conveniens* will not be disturbed absent an abuse of discretion. ***Cinousis v. Hechinger Dep't Store***, 594 A.2d 731, 731 (Pa. Super. 1991). Appellants challenging a trial court's discretionary decision face a "heavy burden": "It is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." ***Id.*** at 731-32 (citations omitted). A trial court will have abused its discretion when "in reaching [its] conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." ***Aerospace***, 696 A.2d at 812

(citation omitted). If there is any valid basis for the trial court's decision, the decision will not be disturbed. ***Cinousis***, 594 A.2d at 732 (citation omitted).

As we explained in ***Bochetto I***, a motion for dismissal based on interstate *forum non conveniens* is governed by Section 5322(e) of the Judicial Code, which reads:

> **Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322(e) (emphasis in original). A court deciding such a motion must consider that (1) a plaintiff's choice of forum should not be disturbed except for weighty reasons, and (2) an action shall not be dismissed unless an alternative forum is available to the plaintiff. ***Humes v. Eckerd Corp.***, 807 A.2d 290, 293-94 (Pa. Super. 2002) (citing ***Poley v. Delmarva Power & Light Co.***, 779 A.2d 544, 546 (Pa. Super. 2001)).

To determine whether "weighty reasons" exist, a trial court must examine both the private and public factors announced by ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501 (1947). ***See Bochetto I***, 94 A.3d at 1048-1050; ***Humes***, 807 A.2d at 294-95. The private factors include:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Gilbert*, 330 U.S. at 508. With respect to public factors, the Supreme Court

advised:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . . There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508-09.

Here, the trial court concluded that Plaintiffs' choice of forum was

entitled to some deference, but not overwhelming deference. Trial Court

Opinion, 12/23/15, at 19-21. The trial court then weighed both private and

public factors for and against Plaintiffs' choice of forum.

In discussing the private factors, the trial court found that access to

most of the evidence was evenly weighted between the parties:

> Evidence relating to the aircraft's original and subsequent American owners, and documentation of maintenance and upkeep before the 2001 sale of the aircraft are located in the United States. The more relevant evidence, however, is the documentation of maintenance and upkeep after the aircraft was sold to the Belgium company and then leased to the Portuguese academy. None of *that* evidence is in the United States.

Trial Court Opinion, 12/23/15, at 21 (emphasis in original). However, the

trial court stated that access to the witnesses weighed in favor of Portugal:

while neither a court in the United States nor Portugal could compel

attendance by overseas witnesses, most of Plaintiffs' witnesses are party-

Defendants who have agreed to submit to Portuguese jurisdiction. *Id.* at 21-22.

The trial court found that "[t]he inability of the Defendants to obtain proper service and jurisdiction over CAE and AAE in the United States weighs heavily in favor of dismissal." Trial Court Opinion, 12/23/15, at 24. In making this determination, the trial court relied on *Reyno*, 454 U.S. at 259. In that case, the United States Supreme Court held that dismissal on grounds of *forum non conveniens* was appropriate where the American defendants wished to implead foreign third-parties. The Supreme Court affirmed the dismissal based in part on the convenience of resolving those claims in one trial, rather than holding a domestic trial against domestic defendants and a subsequent indemnity action abroad. If the case had not been dismissed, and if the plaintiffs had prevailed in the domestic suit, the defendants would have had to bring a subsequent indemnity action against the foreign third-parties. The district court in *Reyno* found that such a suit would be burdensome to the defendants, and the Supreme Court held that "[f]inding that trial in the plaintiff's chosen forum would be burdensome . . . is sufficient to support dismissal on grounds of *forum non conveniens.*" *See Reyno*, 454 U.S. at 259.

Similarly, the trial court here observed:

> In the instant case, the Defendants based their defense on the assertion that the cause of the accident was improper maintenance of the aircraft on the part of AAE and/or CAE, and not a design defect in the aircraft. The Defendants are unable to

obtain proper service or personal jurisdiction over either AAE or CAE in Pennsylvania or elsewhere in the United States. The Defendants' case will be severely inhibited by their inability to join AAE and CAE in a trial that occurs in the United States. This weighs very heavily in finding that Portugal, where service and jurisdiction may be had upon AAE and CAE, is a more appropriate forum.

In the event that the Defendants are found liable in a United States court, they would be forced to initiate duplicative contribution and indemnity actions against AAE and CAE in Portugal. This would result in the otherwise unnecessary burden of litigating the same issues in two separate trials under two separate legal systems. This strongly demonstrates that Portugal is a more appropriate and convenient forum in which to litigate all of the issues in the case in one trial.

*This factor weighs heavily in favor of Portugal and is a "weighty reason" to disregard the Plaintiffs' choice of forum.*

Trial Court Opinion, 12/23/15, at 26 (emphasis in original). The court therefore concluded that the private factors overall favor trial in Portugal.

The trial court also found that the public factors weighed in favor of litigation in Portugal. Regarding local interest, the trial court noted that "Pennsylvania bears only a tangential relation to the facts of this case and it would be improper to burden a Pennsylvania jury with a case in which the community holds virtually no interest." Trial Court Opinion, 12/23/15, at 27-28.[8] Regarding national interest, the trial court acknowledged that the

---

[8] In **Bochetto I** we instructed the trial court to consider Portugal's limited interest in this case, considering that "none of the decedents/pilots, plaintiffs, defendants, or parties-in-interest are Portuguese." **Bochetto I**, 94 A.3d at 1055. In so doing, we contrasted this case with **Reyno**, where the case was dismissed to Scotland in part because "[t]he pilot and all of the
*(Footnote Continued Next Page)*

United States has an interest in regulating product manufacturers. *Id.* at 30.[9] The trial court placed this deterrence factor on an equal footing with Portugal's national interest in regulating safe aircraft operations in its skies. *Id.* at 30-31 (citing *Reyno*, 454 U.S. at 260-61; *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1032-33 (3d Cir. 1980)). Finally, the trial court found that the Pennsylvania court's obligation to apply Portuguese negligence law weighed in favor of litigation in Portugal. *Id.* at 29 (citing *Tyro Industries v. James A. Wood, Inc.*, 614 A.2d 279, 282 (Pa. Super. 1992)).

Plaintiffs contend that the trial court erred in several parts of this analysis. We discuss Plaintiffs' arguments in turn.

---
*(Footnote Continued)*

decedents' heirs and next of kin were Scottish subjects and citizens." 454 U.S. at 235. Although the trial court here did not specifically address the lack of connection the decedents and their families have with Portugal when discussing the public factors, the court did consider that the decedents/ plaintiffs lack a connection with the United States, and therefore concluded that the burden the trial would impose on Pennsylvania's court system would not have been justified. Trial Court Opinion, 12/23/15, at 27-28. We note that here, unlike in *Reyno*, the plaintiffs reside in different jurisdictions, none of which is where the accident occurred (though some, like Spain and the Netherlands, are in closer proximity to Portugal than to Pennsylvania and the United States). Neither party argues that the location of the nominal plaintiff, the American court-appointed administrator (Mr. Bochetto), should be given significant weight.

[9] In *Bochetto I* we stated that the trial court should have discussed the general interest that the United States has "in ensuring that American manufacturers are deterred from producing defective products." *Bochetto I*, 94 A.3d at 1055 (citing *Reyno*, 454 U.S. at 260).

**Deference to Plaintiffs' Choice of Forum**

Plaintiffs first argue that the trial court abused its discretion by failing to afford appropriate deference or "solicitude" to their choice of forum. Appellants' Brief at 41-42. Plaintiffs claim that the trial court should have concluded that because other factors were evenly weighted, deference tipped the scales in their favor. *Id.* at 45-46.

Plaintiffs argue that, in assessing the appropriate level of deference to give them, the trial court erred by (a) ignoring this Court's decisions in **Bochetto I** and **Aerospace**, by "fail[ing] to recognize these two opinions as the primary precedential decisions on Pennsylvania's *forum non conveniens* law," and by (b) relying on **Reyno** and **In re W. Caribbean Crew Members**, 632 F.Supp.2d 1193 (S.D. Fla. 2009). In the latter two cases, less deference was given to foreign plaintiffs' choice to bring suit in the United States, rather than pursuing litigation in their home countries. Appellants' Brief at 43-44. Plaintiffs claim they are due greater deference in this case because "the choice was between Portugal, where *no* Defendant or Plaintiff is located, and the United States, where *all* of the Defendants reside, where the evidence supporting Plaintiffs' claims is maintained, and where the misconduct causing the accident occurred." *Id.* at 44-45 (emphasis in original). Plaintiffs state, "No party has suggested that Plaintiffs should have, or even could have, sued in the Decedents' respective home *fora* (in Spain, the Netherlands, or Australia)." *Id.* at 44.

Contrary to Plaintiffs' assertion, the trial court's analysis was consistent with this Court's decisions in **Bochetto I** and **Aerospace**. In **Bochetto I**, this Court held that, "[w]hile foreign plaintiffs enjoy 'less deference' with regard to their choice of forum, their choice is still entitled to solicitude." 94 A.3d at 1056 (citations omitted). Here, the trial court gave Plaintiffs' choice "some deference, but not overwhelming deference." Trial Court Opinion, 12/23/15, at 19.

In **Aerospace**, this Court held that it was not bound to assume that a Pennsylvania forum was unreasonably inconvenient for a Delaware plaintiff. 696 A.2d at 814. This Court explained that "[a]ny state in our United States would, most likely, be significantly more convenient for the American plaintiff than trying its case in the defendant's preferred forum, a foreign country." **Id.** This case is factually distinguishable from **Aerospace** because it involves foreign plaintiffs.

The trial court did not err in holding that, under **Reyno**, a foreign plaintiff's choice of an American forum is entitled to less deference than such a choice by an American plaintiff. **See** Trial Court Opinion, 12/23/15, at 19-21. In **Bochetto I,** this Court cited **Reyno** for this same proposition. **See Bochetto I**, 94 A.3d at 1056. While we noted in **Bochetto I** that this Court is not bound by federal decisions such as **In re W. Caribbean Crew Members**, **see Bochetto I**, 94 A.3d at 1050, the trial court did not err in considering such decisions for their persuasive value.

Plaintiffs are correct in their assertion that their home countries of Spain, the Netherlands, and Australia may not present the most convenient forums for a suit; however, that does not mean Plaintiffs have free choice of any other available forum. In a global case such as this, no one jurisdiction may stand out as convenient. The trial court was not required to give overwhelming deference to Plaintiffs' choice and was free to determine whether, despite the solicitude to which Plaintiffs were entitled, weighty reasons existed to favor suit somewhere else. We hold that the trial court accorded Plaintiffs' choice of forum appropriate deference under Pennsylvania law.

**Public and Private Factors**

Plaintiffs next complain that the trial court misapplied the law and abused its discretion when it failed to find "even one" private or public factor weighed in their favor. *See* Appellants' Brief at 49. Plaintiffs contend that if the factors were properly counted, they were, at least, evenly balanced, and the trial court then should have found in their favor. *See id.* at 48.

In part, this issue seems to be one of semantics. It is possible, for example, to say that at least six factors relating to the availability of witnesses and evidence weigh in favor of Plaintiffs, using the list on page 47

of Appellants' brief that is taken from **Bochetto I**, 94 A.3d at 1055-56.[10]

Plaintiffs' complaint apparently is that the trial court did not employ some sort of score card that gave these factors a total score of 6 in Plaintiffs' favor. But the weighing of factors is not an exercise in counting numbers. As we pointed out in **Petty v. Suburban Gen. Hosp.**, 525 A.2d 1230, 1234 (Pa. Super. 1987):

> The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses.

525 A.2d at 1234 (quoted citation omitted). This principle applies not just to the location of the witnesses, but to each public and private factor, and to the weighing of the factors overall. A discerning analysis involves more than a simple tally.

The trial court **did** consider that some items weighed in favor of an American forum. For example, the court found that the evidence relating to the aircraft's design, original and subsequent American owners, and

---

[10] These are: (1) evidence relating to design, manufacture, and testing of the aircraft is in the United States, (2) witness regarding design defect and products liability are in the United States, (3) evidence relating to prior American owners and their maintenance and upkeep of the aircraft is in the United States, (4) two defendants are Pennsylvania corporations, (5) two defendants maintain their principal places of business in Pennsylvania, and (6) three defendants maintain registered agents in Pennsylvania. Appellants' Brief at 47 (¶¶ 1-6). We note that some of the items on this list are duplicative, and the items could validly be grouped together as one factor, or as some number of factors less than six, depending on how they are worded.

maintenance prior to 2001 is located in the United States. **See** Trial Court Opinion, 12/23/15, at 21. But the court then concluded that these items, when compared to others relating to the availability of evidence (*e.g.*, that evidence related to more recent aircraft maintenance and pilot error is in Portugal), resulted in an overall even "balance" between the two sides with respect to this factor. **See id.** Thus, instead of listing each point regarding availability of evidence on some sort of chart and then counting them up, the court assessed this category overall according to the importance of the different types of evidence at issue:

> Evidence relating to the aircraft's original and subsequent American owners, and documentation of maintenance and upkeep before the 2001 sale of the aircraft are located in the United States. The more relevant evidence, however, is the documentation of maintenance and upkeep after the aircraft was sold to the Belgium company and then leased to the Portuguese academy. None of **that** evidence is in the United States.

**Id.** (emphasis in original). By engaging in such a qualitative assessment of the evidence and its importance, rather than merely counting up items in a list, the court did not abuse its discretion. **See Petty,** 525 A.2d at 1234. **See also Reyno**, 454 U.S. at 249-50 (explaining *that forum non conveniens* decisions need to retain flexibility and turn on the facts of each case).

In sum, contrary to Plaintiffs' assertion, the trial court did consider factors that were in Plaintiffs' favor, as we instructed in **Bochetto I**. Rather than ignoring those factors, the trial court evaluated them along with countervailing factors and concluded that many of the private and public

factors were evenly divided between the parties. Again, the court did not abuse its discretion by engaging in that analysis.

Apart from their general compliant about how factors were counted, Plaintiffs challenge the trial court's analysis and weighing of several specific private and public interest factors. In addressing this argument, we reiterate that our role is not to determine whether this Court, in the first instance, would have reached a different conclusion than the trial court, but rather to decide whether the trial court abused its discretion. *See Cinousis*, 594 A.2d at 731-32. With that standard in mind, we hold that the trial court did not abuse its discretion in considering the specific public and private factors about which Plaintiffs complain.

Regarding the private factors, Plaintiffs claim that the trial court should not have considered that the Defendants had agreed to submit to foreign jurisdiction when considering their location. Appellants' Brief at 51-52. We disagree. In *Bochetto I*, we noted that "[t]he locations of corporate offices and registered agents have been considered by Pennsylvania courts in assessing *forum non conveniens* claims, specifically with relevance to the ease of obtaining process on potential witnesses." 94 A.3d at 1055 n.10. Where, as here, defendants stipulate to accepting service of process in the alternative forum, and "that they will make all necessary and relevant evidence and witnesses within their custody and control available for an

action in Portugal," Appellees' Brief at 38, their location in the United States is of diminished relevance in the *forum non conveniens* analysis.

Plaintiffs also complain that the trial court found the ability to view the premises both to have "no bearing" and to be "equally balanced." Appellants' Brief at 55-56. They argue, "Had the appropriate deference been given to the [Plaintiffs'] choice of forum, the lack of need to view the accident site visit in Portugal would have been considered a reason *not to disturb* [Plaintiffs'] choice." Appellant's Reply Brief at 18 (emphasis in original). On this point, the trial court found that

> The physical condition of the [airfield] from which the doomed plane took off appears to have no bearing on any issue. The parties have not asserted that the condition of the airfield played any part in the fatal accident. Debris from the accident was photographed; it is unlikely that any useful debris remains at the airfield six year[s] later.
>
> The remains of the aircraft are housed in a Portuguese university. The Portuguese government had no problem sending the engines to the United States for inspection by Teledyne and then having them returned to Portugal. If all or a portion of the aircraft is needed at a trial in the United States, there does not appear to be a major difficulty in shipping the remains to the United States.
>
> *This issue is equally balanced.*

Trial Court Opinion, 12/23/15, at 22-23 (footnote omitted; emphasis in original). The trial court cited **Walls v. Phoenix Ins. Co.**, 979 A.2d 847, 852-53 (Pa. Super. 2009), for the proposition that it is unnecessary for a jury to view a scene if it is unlikely to be in substantially the same condition well after the event in question.

- 20 -

The trial court did not abuse its discretion in reaching the conclusion that the location of the airfield had no bearing on its analysis. The only law Plaintiffs cite for their argument is **Aerospace**, 696 A.2d at 814. We note that the court in **Aerospace** agreed that, "where defendant has not shown that a view of the premises will be necessary or helpful to its case, trial court did not abuse its discretion in denying defendant's motion to dismiss for *forum non conveniens*." **See id.** (citing **Beatrice Foods Co. v. Proctor & Schwartz**, 455 A.2d 646 (Pa. Super. 1982), and finding that "proper documentary evidence of the condition of the jet has been sufficiently preserved — thus, abolishing the need to view the accident scene or the damaged aircraft during trial"). Where, as here, a trial court finds that Defendants have not shown that a view of the premises will be necessary or helpful to its case, **Aerospace** does not mandate that the court deny the motion, but rather that this factor not be considered as favoring dismissal.

Plaintiffs also protest that the trial court did not give any weight to the location of their counsel in Pennsylvania. Appellants' Brief at 56. Because of the complexity of this case, Plaintiffs claim they require specific counsel and that they will be deprived of their choice of counsel in Portugal, as there is no *pro hac vice* admission procedure there. **Id.** However, the trial court correctly declined to give "compelling" weight to this factor, noting that it is unsupported by any case law. Trial Court Opinion, 12/23/15, at 23. Indeed, we have approved in the past a trial court's observation that "[t]he only

discernible contact that this case has with Pennsylvania is the location of plaintiff's counsel, and we refuse to recognize this as a compelling consideration." **Cinousis**, 594 A.2d at 733 (quoted citation omitted). **See also Hunter v. Bayer Corp.**, 65 Pa. D.&C. 4th 298, 322 (C.P. Phila. 2003) (location of attorneys not relevant in *forum non conveniens* analysis), **aff'd sub nom Engstrom v. Bayer Corp.**, 855 A.2d 52 (Pa. Super. 2004)). Plaintiffs cite no law to the contrary, and we are told of no reason why Plaintiffs may not continue to benefit from the expertise of their chosen counsel by using him as a consultant if the litigation is outside of Pennsylvania.

Plaintiffs also complain that the trial court gave no weight to the location of 80 non-party witnesses who could testify regarding what they claim were 128 "substantially similar" in-flight accidents. Appellants' Brief at 55. In response, Defendants contend that the evidence of those separate, unrelated incidents is not relevant to whether this case would be more conveniently tried in another forum. Appellees' Brief at 27-28.[11]

The trial court found the location of these witnesses to be irrelevant because of a lack of evidence that the 128 other accidents were sufficiently similar to the one in this case to be admissible at trial. Trial Court Opinion,

---

[11] Defendants also point out that this Court, in **Bochetto I**, did not specifically list the evidence of other accidents as a factor in favor of Plaintiffs' choice of forum. Appellees' Brief at 27-28.

12/23/15, at 21. We discern no abuse of discretion. The court was making a prediction about a complex evidentiary question. It did so on the basis of the limited information provided to it. Questions regarding the admissibility of evidence are themselves matters committed to a trial court's discretion, and we generally are loathe to disturb them. *See Smalls v. Pittsburgh-Corning Corp.*, 843 A.2d 410, 413 (Pa. Super. 2004), *appeal denied*, 857 A.2d 680 (Pa. 2004). At this very early stage of the case, on the limited record presented to a court on a *forum non conveniens* issue, the court could not have been expected to analyze this evidence question in any greater depth than it did. *See generally Reyno*, 454 U.S. at 258 (noting that motion does not require detailed submissions, but only "enough information to enable the [trial court] to balance the parties' interests"); *cf. Bratic v. Rubendall*, 99 A.3d 1, 5 (Pa. 2014) (allowing, but not requiring, assumption of admissibility). The trial court stated a sound basis for failing to accord weight to evidence of the other accidents, and we therefore will not disturb its conclusion. *See Cinousis*, 594 A.2d at 732 (if there is any basis for the trial court's decision, the decision will not be disturbed).

Regarding the public factors, Plaintiffs disagree with the trial court's conclusion that Portuguese negligence law would apply in this case, and claim that "there was no record support for this finding; it was pure supposition." Appellants' Brief at 57. Plaintiffs assert they provided affidavits from European attorneys stating that U.S. law would apply. *Id.*

A trial court deciding a motion to dismiss on *forum non conveniens* grounds need not definitively discern what law would apply, but may surmise that foreign law might apply and recognize that the conflict of laws inquiry itself is burdensome to a domestic court. ***See***, ***e.g.***, ***Engstrom v. Bayer Corp***., 855 A.2d 52, 57 (Pa. Super. 2004) (affirming trial court's dismissal where dismissal was based in part on the need to engage in a conflict of laws analysis); ***Cinousis***, 594 A.2d at 733 (affirming dismissal where it was likely that foreign law would apply). Here, the trial court said it "may be true" that the product liability claims in the case will be governed by the law of some American jurisdiction and that Portuguese law will "likely apply" to other issues — a determination that, the court noted, this Court did not dispute in ***Bochetto I***. ***See*** Trial Court Opinion, 12/23/15, at 29. The trial court's prediction that Portuguese law might apply was not manifestly unreasonable, and the court did not abuse its discretion in making it. ***See Aerospace***, 696 A.2d at 812.[12]

### Joinder of CAE and AAE

Plaintiffs next argue that the trial court improperly gave dispositive weight to Defendants' purported inability to join non-parties CAE and AAE in the United States. They also claim the court shifted the burden of proof to

---

[12] Plaintiffs also complain that the trial court did not recognize that general deterrence was a public factor that weighed in Plaintiffs' favor. Appellants' Brief 52-54. This issue will be discussed below, in connection with Plaintiffs' fourth issue.

Plaintiffs to show that CAE and AAE could be joined in a lawsuit in the United States and not in Portugal. Plaintiffs contend that the trial court's error was "even more obvious" because Plaintiffs proved that AAE could not be sued in Portugal because it "has been out of business for years," and that CAE has no known operations in Portugal, though it does have a presence in the United States. Appellants' Brief at 60-61. We disagree with Plaintiffs' assessment of the trial court's findings.

First, the trial court did not improperly shift the burden of proof to Plaintiffs to prove that CAE and AAE cannot be sued in Portugal and can be sued in Pennsylvania. The trial court appropriately recognized that "[t]he burden of proof and persuasion is on Defendants as the moving party." Trial Court Opinion, 12/23/15, at 31. It was Defendants' burden to convince the trial court that weighty reasons existed to overcome Plaintiffs' choice of forum, and Defendants successfully carried that burden by showing, among other things, that potential parties CAE and AAE could not be sued in the United States,[13] but that they are extant business entities in Portugal and

---

[13] The court noted that CAE, Inc. is headquartered in Montreal, Canada, and maintains flight schools in over thirty countries. Each of the subsidiaries operating in America are separate corporate entities and not appropriate defendants in this suit. Trial Court Opinion, 12/23/15, at 8-9; Defendants' Letter to Trial Court, 10/27/15. Neither party contends that AAE has a presence in the United States.

may be joined to a lawsuit filed in that forum.[14] Trial Court Opinion, 12/23/15, at 3, 7-9, 24-26. We defer to the trial court's broad discretion in its assessment of the evidence presented by both parties.

Furthermore, the record demonstrates that the trial court carefully considered many public and private factors in reaching its conclusion, and did not, as Plaintiffs claim, have a "myopic focus" on the potential joinder of AAE and CAE. As noted above, when determining the proper weight to be afforded this particular factor, the trial court relied on **Reyno**, in which the Supreme Court held that dismissal on the grounds of *forum non conveniens* was appropriate where the American defendants wished to implead foreign third-parties, because forcing American defendants to pursue a subsequent indemnity suit abroad would be burdensome to those defendants. **See Reyno**, 454 U.S. at 259. Here, the trial court similarly found that denying the dismissal "would result in the otherwise unnecessary burden of litigating

_____

[14] While AAE ceased operating as a flight school in 2012, it is still a registered corporation with assets in Portugal. Trial Court Opinion, 12/23/15, at 8. The CAE subsidiary that Defendants wish to join is a Portuguese company with its head office in Portugal. **See** Appellees' Brief in Support of Motion to Dismiss for *Forum Non Conveniens*, and Exhibits 1-20, 9/14/15, at Exhibits 4 (CAE's Portuguese Government Registration and Certificate, showing the address of the registered head office in Portugal), 5 (screenshot of website of CAE's Portuguese subsidiary), 16 (declaration of Portuguese attorney Joao Taborda). However, we note that Defendants admit "CAE is nothing more than a holding company with a partial ownership interest in AAE. Thus, CAE's connection to this lawsuit is, at best, remote." Appellees' Brief at 35 (citations to the record omitted). The more significant party is AAE.

the same issues in two separate trials under two separate legal systems." Trial Court Opinion, 12/23/15, at 26. The trial court did not abuse its discretion in concluding that joinder considerations weighed heavily against Plaintiffs' choice of forum.

### American Interest in Deterrence

Plaintiffs claim in their fourth issue that the trial court neglected to consider the interest of the United States in deterring American manufacturers from producing defective products, thereby failing to follow this Court's instruction from *Bochetto I*. As noted above, the trial court did consider the American deterrence factor, but found it to be on an equal footing with Portugal's national interest in regulating safe aircraft operations within its borders. Trial Court Opinion, 12/23/15, at 30-31.[15] The trial court therefore did not disregard this Court's instruction or abuse its discretion.

\* \* \*

In sum, the trial court properly considered our opinion in *Bochetto I* and did not abuse its discretion in applying that opinion and granting

---

[15] Plaintiffs argue that the trial court discounted the significance of the deterrence factor by relying on statements in *Reyno*, 454 U.S. at 260-61, and *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1032-33 (3d Cir. 1980), that deemphasized its importance. However, a close reading of the trial court's opinion shows that it did not improperly weigh the American interest in deterrence. The court cited our opinion in *Bochetto I* emphasizing the factor's importance and then quoted what the federal cases said about the factor — in particular, that the factor "is not sufficient by itself to warrant retention of jurisdiction." Trial Court Opinion, 12/23/15, at 30-31. The court's statement was not inconsistent with our holding in *Bochetto I*.

Defendants' motion to dismiss based on *forum non conveniens*. Accordingly, we affirm the order granting dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016