J-A05035-21

2021 PA Super 68

| | | |
|---|---|---|
| JENISA HURT PERSONAL REPRESENTATIVE FOR THE ESTATE OF: CHARLES R. JONES | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : : | No. 776 EDA 2020 |
| PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC., AND CONSOLIDATED RAIL CORPORATION | : : : : | |

Appeal from the Order Dated January 22, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190202482


BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED APRIL 15, 2021**

Appellant Jenisa Hurt ("Ms. Hurt"), who is the personal representative

for the estate of Charles R. Jones ("the decedent"), appeals from the order

granting the motion filed by Appellees Penn Central Corporation[1] a/k/a

---

* Former Justice specially assigned to the Superior Court.

[1] Penn Central Corporation ("Penn Central"), which was incorporated in Pennsylvania with its corporate headquarters in Philadelphia, filed for bankruptcy and ceased all railroad operations in the 1970s.  All properties of Penn Central became properties of the trustees in Penn Central's bankruptcy. Thereafter, as part of the Regional Rail Reorganization Act, 45 U.S.C. § 701 *et seq.*, Congress created Consolidated Rail, and all employees of Penn Central were offered continued employment with Consolidated Rail. American Premier is a successor in interest to Penn Central's non-railroad assets and is primarily engaged in the business of insurance.

American Premier Underwriters, Inc. ("American Premier"), and Consolidated Rail Corporation ("Consolidated Rail") (collectively "Appellees") to dismiss Ms. Hurt's complaint filed in the Court of Common Pleas of Philadelphia County based on the doctrine of *forum non conveniens*, for re-filing in a more appropriate forum. After a careful review, we affirm.

The relevant facts and procedural history are as follows: Ms. Hurt, who is a resident of Danville, Indiana, instituted the instant action pursuant to FELA[2] and LIA[3] against American Premier, which is incorporated in Pennsylvania with an address for service in Harrisburg, and Consolidated Rail, which is incorporated in Pennsylvania with a principal place of business in Philadelphia.

Ms. Hurt averred Appellees conduct business in and have substantial contacts with Philadelphia. She specifically averred Appellees are "engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in the Commonwealth of Pennsylvania and other states of the United States." Ms. Hurt's Second Amended Complaint, filed 8/2/19.[4]

---

[2] Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

[3] Locomotive Inspection Act ("LIA"), 49 USC § 20701.

[4] We note Ms. Hurt filed a complaint on February 25, 2019, an amended complaint on April 23, 2019, and a second amended complaint with court

Ms. Hurt averred that, from 1968 to 1992, the decedent worked for Appellees as a trainman and a conductor at and around various rail yards in Indiana and Illinois. She further averred that, as a result of the decedent's job duties, he was exposed to chemicals and cancer-causing substances, which resulted in the decedent's death from Non-Hodgkin's Lymphoma on August 10, 2017. She posited Appellees were negligent in failing to provide the decedent with a reasonably safe work place as required under the relevant statutes.

On October 25, 2019, Appellees filed a joint motion to dismiss under 42 Pa.C.S.A. § 5322(e) and the doctrine of *forum non conveniens*. In support of their motion, Appellees attached Ms. Hurt's answers to interrogatories, as well as an affidavit from Lauren Lamp, Field Investigations Specialist II for CSX Transportation, Inc. ("CSX Transportation").[5]

Relevantly, in the motion to dismiss, Appellees indicated the decedent lived his entire life in Indiana, and Ms. Hurt currently lives in Indiana. Neither the decedent nor Ms. Hurt have ever resided in Pennsylvania. Appellees'

_____

permission on August 2, 2019. The second amended complaint is not paginated.

[5] In July of 1998, the Surface Transportation Board approved a plan by which CSX Transportation and Norfolk Southern Corporation acquired Consolidated Rail through a joint stock purchase, and they split most of Consolidated Rail's assets between them. CSX Transportation and Norfolk Southern Corporation took administrative control of Consolidated Rail on August 22, 1998.

Motion to Dismiss, filed 10/25/19, at 3. The decedent worked at and around rail yards in Indiana and neighboring Illinois. *Id.* He never worked for Appellees in Pennsylvania. *Id.* at 4.

Moreover, Appellees asserted the decedent was not diagnosed with his illness in Pennsylvania, and he never received medical treatment in Pennsylvania for the illness underlying the instant action. *Id.* at 5. Rather, the decedent was diagnosed and received medical treatment for his illness in Indiana. *Id.* Appellees listed six physicians, who treated the decedent in Indiana and who would have knowledge of the decedent's illness. *Id.* at 5-6.

Additionally, Appellees indicated a viewing of the decedent's work sites would be "very much at issue in this case." *Id.* at 10. In this vein, Appellees asserted:

> It is important to show the jury the enormity of the premises underlying [Ms. Hurt's] claims, where [the decedent] worked, the locomotives that he worked in and around, and to dispel any notion that [the decedent] was, as [Ms. Hurt] claims, exposed to allegedly injurious substances while working in rail yards and in and around any locomotives….[M]odern technology cannot obviate the need for site visits.

*Id.* at 21 (citation omitted).

Furthermore, Appellees noted that, in answering interrogatories, Ms. Hurt identified one witness: David Souder, who was decedent's former co-worker. *Id.* at 20. Mr. Souder resides in Indiana. *Id.*

In the supporting affidavit, Ms. Lamp confirmed the decedent's work record reveals that he was never employed by Appellees in Pennsylvania, but

- 4 -

that he worked for Appellees at and around various rail yards in Indiana and Illinois. Ms. Lamp identified six of the decedent's former co-workers and supervisors, including F.D. Pear, B.L. Haydon, D.W. Eller, J.P. Rothaar, J.W. Parker, and R.C. Smith, all of whom are retired from Consolidated Rail and currently reside in Indiana. Ms. Lamp indicated that any yet-to-be-identified co-workers and supervisors of the decedents would logically be expected to be located in Indiana or Illinois since he never worked at any Pennsylvania location. Moreover, Ms. Lamp indicated the decedent's employment files are located in either Florida or New Jersey.

Appellees averred that, since all of the decedent's former co-workers and supervisors reside in Indiana or Illinois, they will not be able to compel their attendance to testify in Pennsylvania if they are unwilling to voluntarily do so. *Id.* at 20-21. They further averred that, since the decedent's diagnosing and treating physicians are located in Indiana, Appellees will not be able to compel their attendance at trial in Pennsylvania. *Id.* at 21. Additionally, Appellees indicated their former employees will suffer greater personal disruption, inconvenience, and costs to travel to Pennsylvania, as opposed to Indiana (or neighboring Illinois), for trial. *Id.* at 22.

Moreover, Appellees argued Philadelphia County is suffering from court congestion, administrative difficulties, and an undue burden on juries due to an "explosion of out-of-state filing" of mass tort cases. *Id.* at 23.

Based on the aforementioned, Appellees averred the instant action has no *bona fide* connection to Pennsylvania, and dismissal of the action is proper since there is a more convenient forum where litigation could be conducted more easily, expeditiously, and inexpensively. Additionally, Appellees reasoned the only connection between Pennsylvania and the instant matter is that Consolidated Rail has its headquarters in Pennsylvania and American Premier is incorporated in Pennsylvania. However, Appellees argued these connections are unrelated to Ms. Hurt's claim that the decedent suffered injury in connection with his employment in Indiana and Illinois.

Appellees indicated they agreed to waive the statute of limitations if Ms. Hurt re-filed her lawsuit in Indiana, within ninety days of the dismissal of the suit in Philadelphia, and agreed not to object on the basis of venue or personal jurisdiction if the matter was re-filed in Indiana or some other proper forum.

On November 22, 2019, Ms. Hurt filed a response in opposition to Appellees' motion to dismiss for *forum non conveniens*, as well as a supporting memorandum. Therein, Ms. Hurt admitted the decedent did not live, work, own property, or receive medical treatment in Pennsylvania. Moreover, she admitted the decedent's former co-workers and supervisors, including Mr. Souder, reside in Indiana.

However, Ms. Hurt denied that all of her fact witnesses are located outside of Pennsylvania. Specifically, she indicated:

> [Ms. Hurt] intends to call four former [Consolidated Rail] corporate witnesses who worked for [Consolidated Rail] at its

headquarters in Philadelphia. [Ms. Hurt] intends to call Ramon Thomas, who was [Consolidated Rail's] industrial hygiene manager who worked for [Consolidated Rail] in Philadelphia. Mr. Thomas currently works in Philadelphia and lives in Yardley, PA. [Ms. Hurt] intends to call William Barringer, who was [Consolidated Rail's] safety director who worked for [Consolidated Rail] in Philadelphia. Mr. Barringer currently lives in Naples, FL. [Consolidated Rail] routinely brings Mr. Barringer to testify live in Philadelphia. [Ms. Hurt] intends to call Marcia Comstock, M.D., who was [Consolidated Rail's] former medical director who worked for [Consolidated Rail] in Philadelphia. Dr. Comstock lives in Wayne, PA. [Ms. Hurt] intends to call Paul Kovac, who was [Consolidated Rail's] claims manager who worked for [Consolidated Rail] in Philadelphia. Mr. Kovac lives in Hatboro, PA.

Ms. Hurt's Response to Appellees' Motion to Dismiss, filed 11/22/19, ¶ 14.[6]

Additionally, Ms. Hurt elaborated that she intended to call the four former Consolidated Rail corporate witnesses because they "were responsible for developing industrial hygiene, safety and medical programs to prevent employees from developing cancer due to exposure to diesel exhaust and asbestos [and] failed to do so in a timely and adequate manner." *Id.* ¶ 62. Ms. Hurt averred "[t]hat is negligence under FELA. That is why the four former [Consolidated Rail] corporate employees' testimony is relevant[.]" *Id.* In support of this claim, Ms. Hurt attached as exhibits to her response the notes of testimony given by Mr. Thomas and Mr. Barringer in two unrelated FELA cases in the Court of Common Pleas of Philadelphia County.

_____

[6] Ms. Hurt's response is not paginated.

Ms. Hurt contended a viewing of the decedent's work sites would be irrelevant at trial. *Id.* at ¶ 42. Moreover, she averred that, in addition to Consolidated Rail being incorporated in Pennsylvania with its headquarters in Philadelphia, Penn Central was incorporated in Pennsylvania with its corporate headquarters in Philadelphia. *See id.* at ¶ 15. She posited that Philadelphia has judicial resources and experience with FELA cases to ensure a just trial.

On January 9, 2020, Appellees filed a reply to Ms. Hurt's response in opposition to their motion to dismiss. Therein, Appellees argued dismissal was warranted since Ms. Hurt has identified, at most, three potential fact witnesses who reside in Pennsylvania. One of Ms. Hurt's fact witnesses, Mr. Barringer, resides in Florida, while another fact witness, Mr. Souder, resides in Indiana. Moreover, all of Appellees identified fact witnesses reside in Indiana.

On January 22, 2020, the matter proceeded to a hearing at which the trial court heard oral argument in support of the parties' respective positions. At the conclusion of the hearing, the trial court granted Appellees' motion to dismiss the instant action based on *forum non conveniens* and dismissed Ms. Hurt's complaint without prejudice to her right to re-file in Indiana, or some other appropriate jurisdiction. Specifically, the trial court stated the following:

> So weighing both private and public interest including that the action…arose in Indiana, what I would regard as the weight of relevant evidence are in Indiana, although I do note that some of the witnesses are in Philadelphia, that the medical treatment was outside of Pennsylvania; that [Consolidated Rail's] headquarters is in Philadelphia and that there's public interest in how court

resources are allocated as well as jury time, I will grant the motion to dismiss with leave to file in Indiana.

N.T., 1/22/20, at 11-12.

Ms. Hurt filed a timely notice of appeal, and the trial court directed her to file a Pa.R.A.P. 1925(b) statement. Ms. Hurt timely complied, and the trial court filed a Rule 1925(a) opinion setting forth in greater detail the reasons for its ruling:

> At the outset, the trial court notes that (1) [Ms. Hurt] currently resides in Danville, Indiana, (2) [the decedent] lived his entire life in Indiana, and (3) the alleged unsafe workplace where [the decedent] worked was located in Illinois and Indiana.
>
> ***
>
> All of the identified sources of proof of [Ms. Hurt's] claim— such as the alleged unsafe work environment, [the decedent's] former supervisors and co-workers, etc.—are located in or nearer to Illinois and Indiana rather than in or nearer to Philadelphia County, Pennsylvania. [The decedent] had never been a resident of or worked in Pennsylvania. Rather, [the decedent] lived his entire life in Indiana and worked for [Appellees] in and around Illinois and Indiana for at least 24 years. [The decedent's] alleged injury occurred in and around Illinois and Indiana. All of [the decedent's] diagnosing and treating physicians are located outside of Pennsylvania, and [the decedent] received all of his relevant medical treatment outside of Pennsylvania. Finally, all of his medical and employment records are located outside of Pennsylvania.
>
> ***
>
> In further support of their motion to dismiss, [Appellees] identified six trial witnesses who all live in Indiana. Additionally, [Appellees] noted that any yet-to-be identified former supervisors and co-workers of [the decedent] are more likely living in Illinois and Indiana than in Pennsylvania.[2]

---

[2]Contrary to [Ms. Hurt's] claims of error, the trial court considered (1) both the inconvenience of [Appellees'] six potential trial witnesses as well as the inconvenience of [Ms. Hurt's] four potential trial witnesses; and (2) that four of [Ms. Hurt's] fact witnesses had worked for

[Consolidated Rail] at its corporate headquarters in Philadelphia County. Nevertheless, the trial court did not abuse its discretion in determining that the private and public factors were strongly in favor of dismissing the action pursuant to Section 5322(e).

As such, it is beyond peradventure that it is easier for the parties to access sources of proof from Illinois or Indiana rather than from Philadelphia County, Pennsylvania.

\*\*\*

[T]he trial court reasonably concluded that it would be less expensive to have witnesses attend a trial in Illinois or Indiana than in Philadelphia County, Pennsylvania. This is because the overwhelming number of witnesses—especially [the decedent's] former co-workers and supervisors—reside in the state of Illinois or Indiana.

\*\*\*

It would be easier for the fact-finder to view the premises from Illinois or Indiana than from Philadelphia County, Pennsylvania, because the work environment that [Ms. Hurt] claims was the only source of [the decedent's] injuries is located in Illinois and Indiana.

\*\*\*

Trying this case in Philadelphia County, Pennsylvania, creates some administrative difficulties for Philadelphia County, Pennsylvania, as compared to trying this case in Illinois and Indiana.

\*\*\*

Considering the minimal connections this case has with Philadelphia County, the trial court reasonably decided not to impose the burden of jury duty upon the citizens of Philadelphia County based upon such minimal connections.[4]

In light of the above, the trial court did not abuse its discretion in determining that the private and public factors were strongly in favor of dismissing the action pursuant to Section 5322(e).

---

[4]Contrary to [Ms. Hurt's] claim of error, the trial court considered the fact that Penn Central and [Consolidated Rail] are Pennsylvania Corporations and that [Consolidated Rail's] principal place of business is located in Philadelphia County, Pennsylvania. However, such facts do not preclude dismissal on the basis of *forum non conveniens*. **Wright v. Consolidated Rail Corporation**, 215 A.3d 982, 994-96 (Pa.Super.

2019) (holding that the fact that the moving party does business in or has its principal place of business in a plaintiff's choice of forum supports venue, but it does not preclude dismissal based on *forum non conveniens*). Therefore, the trial court did not abuse its discretion in determining that the private and public factors were strongly in favor of dismissing the action pursuant to Section 5322(e).

Trial Court Opinion, filed 7/16/20, at 4-8 (citations to record and footnote omitted).

On appeal, Ms. Hurt sets forth the following issues in her "Statement of Questions Presented" (verbatim):

1. Whether the Trial Court abused its discretion in finding that weighty reasons existed to support dismissal under the doctrine of *forum non conveniens*?

2. Whether the Trial Court should have considered not only that [Consolidated Rail] and Penn Central were Pennsylvania corporations and that both of their corporate headquarters were located in Philadelphia, PA, but also that four of the Plaintiff's fact witnesses worked for [Consolidated Rail] at its corporate headquarters in Philadelphia, PA?

3. Whether the Trial Court erred in considering the inconvenience of Defendants' potential hypothetical fact witnesses over the actual inconvenience of Plaintiff's four fact witnesses who would be required to travel to Indiana for trial?

Ms. Hurt's Brief at 2.[7]

Initially, we note the following relevant principles, which guide our review:

> Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This

---

[7] Although Ms. Hurt has set forth three separate issues in her "Statement of Questions Presented," she intertwines and discusses the issues together in the argument portion of her brief. We shall treat the issues in a similar manner.

standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

> **Inconvenient forum.-**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e).

***Hovatter v. CSX Transportation, Inc.***, 193 A.3d 420, 424 (Pa.Super. 2018) (quotation marks, quotations, and citations omitted).[8]

The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." ***Alford***, 531 A.2d at 794 (citation omitted).

> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."

---

[8] Our courts lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state. ***See Alford v. Philadelphia Coca-Cola Bottling Co., Inc.***, 531 A.2d 792 (Pa.Super. 1987).

***

[W]ith respect to the initial factor, we note that "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." Furthermore,

To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital***, 525 A.2d 1230, 1232 (Pa.Super. 1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 67 S.Ct. 839 (1947). They are:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

***

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial…in a forum that is at home with the state law that must govern the case, rather than having a court in

- 13 -

some other forum untangle problems in
conflict of laws, and in law foreign to itself.

**Hovatter**, 193 A.3d at 424-25 (quotations and citations omitted).

Instantly, as the trial court concluded, the second factor pertaining to the existence of an alternate forum is not at issue in the case *sub judice*. **See Hovatter**, **supra**. That is, it is undisputed there is an alternate forum (Indiana) available. Moreover, Appellees have stipulated to waive the statute of limitations, as well as not object on the basis of venue or personal jurisdiction, if Ms. Hurt re-files in an appropriate jurisdiction.

Accordingly, we instead focus on the "weighty reasons" factor in the trial court's analysis of Appellees' motion to dismiss for *forum non conveniens*. In this regard, we note Ms. Hurt contends the trial court abused its discretion in finding Appellees demonstrated "weighty reasons" to overcome her choice of forum. She specifically avers her case is indistinguishable from **Robbins for Estate of Robbins v. Consolidated Rail Corporation**, 212 A.3d 81 (Pa.Super. 2019). Appellees, on the other hand, contend Ms. Hurt's case is more akin to **Wright v. Consolidated Rail Corporation**, 215 A.3d 982 (Pa.Super. 2019).

In **Wright**, the trial court denied the motion to dismiss Mr. Wright's complaint based on *forum non conveniens*, and Consolidated Rail and CSX Transportation appealed. In that case, Mr. Wright was a non-resident of Pennsylvania, he had been a car inspector at the DeWitt Train Yard in

Syracuse, New York, and he averred that, as a direct result of his job duties, he suffered repetitive stress injuries to both shoulders. *See Wright*, *supra*.

Moreover, Mr. Wright lived in New York while working for the railroad companies from 1974 to 2014; however, he moved to South Carolina upon his retirement. All of his treating physicians and medical files were located in New York, New Jersey, or Florida, and all of his fact witnesses were former or current railroad workers who resided outside of Pennsylvania. *See Wright*, *supra*.

Accordingly, based on the record in *Wright*, this Court held the trial court abused its discretion in denying Consolidated Rail's and CSX Transportation's motion to dismiss based on *forum non conveniens*. In so holding, we noted the trial court erred in giving great deference to Mr. Wright's choice of forum and incorporating "plaintiff-friendly" Pa.R.C.P. 1006(d) standards into the analysis.[9] *Id.* at 992. Further, we noted the trial court erred in concluding that Consolidated Rail's and CSX Transportation's sworn affidavits were insufficient regarding the New York residency of their witnesses. *Id.* at 993. We specifically held that "inasmuch as the trial court determined there is no dispute that [] Wright worked for [Consolidated Rail and CSX Transportation] exclusively in New York, [the] assertion in [their]

---

[9] As this Court acknowledged in *Wright*, "a defendant bears a heavier burden under Pa.R.C.P. 1006(d)(1), which permits [intrastate] forum transfers only when the defendant establishes that a plaintiff's chosen forum is oppressive and vexatious for the defendant." *Wright*, 215 A.3d at 992.

affidavits that most or all of [their] witnesses reside primarily, if not exclusively, in New York does not require additional record support." *Id.* at 993-94. Accordingly, we reversed and remanded as it pertained to the trial court's consideration of Consolidated Rail's and CSX Transportation's affidavits and evidentiary burden. *Id.*

In *Robbins*, *supra*, Consolidated Rail and Penn Central filed a motion to dismiss for *forum non conveniens* because the decedent's injuries occurred in Indiana and their two proposed witnesses were located outside of Pennsylvania. In response to the motion to dismiss, the plaintiff averred he intended to call four witnesses, who were previous employees of Consolidated Rail in Philadelphia: Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac (the same four witnesses Ms. Hurt avers she plans to call at trial in this case).

Additionally, the plaintiff argued that "although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia." *Robbins*, 212 A.3d at 85-86. Moreover, the plaintiff argued the viewing of the work site would not be desirable, and in fact, would be dangerous to a jury. *Id.* at 86. Following a hearing, the trial court denied the motion to dismiss.

On appeal in *Robbins*, Consolidated Rail and Penn Central argued, *inter alia*, that the trial court abused its discretion in weighing the public and private factors, and thus, erred in concluding there were insufficient "weighty

- 16 -

reasons" to grant the motion to dismiss. This Court disagreed and held the following:

> With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted [Consolidated Rail and Penn Central] identified two potential witnesses, both of whom were [] former employees: [] Mason, who resides in Illinois, and [] Toney, who resides in [Indiana]. [] Robbins, on the other hand, identified four fact witnesses, all of whom reside in Pennsylvania and were former Consolidated Rail employees. Additionally, the trial court noted [Consolidated Rail and Penn Central] conceded that it is unlikely any party would seek a request to view the train yard at issue.
>
> With regard to the public factors, and Pennsylvania's connection to the lawsuit, it is noteworthy that [] Robbins averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia. Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.
>
> Based on the aforementioned, we conclude the trial court did not abuse its discretion in weighing the private and public factors. We note it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is "not an exercise in counting numbers." *Bochetto v. Dimeling, Schreiber & Park*, 151 A.3d 1072, 1083 (Pa.Super. 2016). Because [Consolidated Rail and Penn Central] have not met their burden, we affirm.

*Robbins*, 212 A.3d at 90 (footnote omitted).

Furthermore, in *Robbins*, we distinguished the facts of Robbins' case from *Hovatter*, *supra*. In this regard, this Court held:

> To the extent [Consolidated Rail and Penn Central] aver the facts of this case are indistinguishable from *Hovatter*, *supra*, we

- 17 -

disagree. In **Hovatter**, this Court held the trial court erred in failing to dismiss the plaintiff's action, which was filed in Pennsylvania, under the doctrine of *forum non conveniens*. However, in the instant matter, unlike in **Hovatter**, there were Pennsylvania witnesses identified by a party and a viewing of the site was not at issue. Further, we note in the case *sub judice*, unlike in **Hovatter**, [] Robbins specifically averred the policies and procedures related to the decedent's exposure to alleged chemical/cancer-causing substances were developed by [Consolidated Rail] at its headquarters in Philadelphia. There was no such allegation made in **Hovatter** as to CSX Transportation (the sole defendant in **Hovatter**).

**Robbins**, 212 A.3d at 90 n.8.

Recently, in **Ficarra v. Consolidated Rail Corporation**, 242 A.3d 323 (Pa.Super. 2020),[10] this Court examined the holdings of **Wright**, **supra**, and **Robbins**, **supra**.

In **Ficarra**, the record before the trial court demonstrated that none of the plaintiffs resided in Pennsylvania, and all of the plaintiffs worked for the railroad companies outside of Pennsylvania from 1953 to 2012. In its motion

---

[10] We note **Ficarra** involved nine different plaintiffs, and we consolidated the cases in this Court. In all nine cases, the trial court denied the railroad defendants' motions to dismiss. On appeal, we reversed the orders in eight of the cases and concluded the trial court abused its discretion in holding the defendants did not provide sufficient "weighty reasons" for dismissal. **See id.** However, we affirmed in one of the cases.

Specifically, with regard to the latter, we noted that the procedural posture of the case was such that it was "trial ready" with discovery complete and a trial term set by the Philadelphia Court of Common Pleas. **See id.** Thus, in weighing the factors, we concluded the trial court did not abuse its discretion in holding dismissal would be inappropriate based on *forum non conveniens*. **See id.** We specifically note the case *sub judice* is distinguishable from the latter case in **Ficarra** since the case is not "trial ready" in Philadelphia County.

to dismiss, the railroad companies averred none of the potential fact witnesses or sources of proof resided in Pennsylvania; the railroad companies would be unable to avail themselves of compulsory process for attendance of unwilling non-Pennsylvania witnesses; there would be a high cost of obtaining attendance of willing out-of-state witnesses; a fact-finder in Pennsylvania would be unable to view easily the plaintiffs' work premises; and there would be a burden on Pennsylvania courts, taxpayers, and jury pool. **Ficarra**, **supra**.

In response, the plaintiffs argued they intended to call the same witnesses as the plaintiff in **Robbins**: Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac. Based on the record before it, the trial court determined that the plaintiffs' four witnesses had worked for Consolidated Rail, but only Dr. Comstock undisputedly continued to reside in Pennsylvania. **See Ficarra**, **supra**. Moreover, the trial court determined that all of the plaintiffs' former co-workers and supervisors, who were potential witnesses, lived outside of Pennsylvania, the plaintiffs' injuries occurred outside of Pennsylvania, and the plaintiffs' physicians, as well as medical records, were outside of Pennsylvania. **See id.**

Based on the aforementioned, the trial court in **Ficarra** denied the railroad companies' motions to dismiss based on *forum non conveniens*; however, in its subsequent Pa.R.A.P. 1925(a) opinions, the trial court opined

that it should have granted the railroad companies' motions. *See id.* Upon review, this Court agreed.

Specifically, we acknowledged the plaintiffs in *Ficarra*, similar to the plaintiff in *Robbins*, listed Comstock, Barringer, Thomas, and Kovac as four witnesses they intended to call at trial. We also acknowledged that "at first glance [the] plaintiffs' cases strikingly resemble *Robbins*." *Ficarra*, 242 A.3d at 336. However, we concluded there were two important distinctions between *Ficarra* and *Robbins*.

Namely, in *Robbins*, the plaintiff set forth a specific argument that Consolidated Rail developed policies and procedures in its Philadelphia office that created the conditions leading to the plaintiff's injuries; however, in *Ficarra*, the plaintiffs provided scant argument as to the relevance of the former Consolidated Rail employees' testimony. Furthermore, based on the record in *Robbins*, the trial court found all four of the former Consolidated Rail employees resided in Pennsylvania; however, based on the record, the trial court in *Ficarra* found only Dr. Comstock resided in Pennsylvania.

Accordingly, in *Ficarra*, this Court relevantly held:

> [W]e conclude the trial court abused its discretion in applying the wrong evidentiary burden….However, given the records before it in these cases, we agree with the trial court's re-analysis and find these cases distinguishable from *Robbins*. All of [the] plaintiffs' former co-workers, supervisors, and diagnosing and treating physicians reside outside Pennsylvania. The work sites are outside Pennsylvania. The only connection to Pennsylvania relevant to [the] plaintiffs' claims is that four individuals who used to work in Philadelphia were allegedly involved in the drafting and implementation of procedures that led

to [the] plaintiffs' injuries. However, on the record before the trial court, only one of those witnesses undisputedly resides in Pennsylvania currently. Moreover, [the] plaintiffs largely failed to explain the relevance of the former employees' testimony. Weighing the private and public interest factors using the correct evidentiary burden, the trial court here ultimately concluded that [the railroad companies] presented sufficient weighty reasons to warrant dismissal for *forum non conveniens*[.] We discern no abuse of discretion by the trial court in reaching this conclusion. ***See Robbins***, 212 A.3d at 90 ("[I]t is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers.") (citation and quotation marks omitted). Accordingly, we vacate the orders denying the motions to dismiss…and remand to the trial court to dismiss these cases to permit re-filing in an appropriate jurisdiction.

***Ficarra***, 242 A.3d at 337.

Preliminarily, similar to our initial assessment in ***Ficarra***, we acknowledge the facts of the case *sub judice* appear at first glance to resemble ***Robbins***. However, there are important differences, which weigh in favor of dismissal.

First, in ***Robbins***, where the decedent worked exclusively in Indiana, the railroad companies indicated it planned to call as witnesses two of the decedent's former supervisors: Dale Mason, who resided in Illinois, and Charles Toney, who resided in Indiana.

However, in the case *sub judice*, Appellees informed the trial court, and provided a supporting affidavit, indicating they had identified six of the decedent's former co-workers and supervisors, all of whom reside in Indiana. Appellees averred a greater personal inconvenience and cost to these witnesses, if they are required to travel to Pennsylvania, as opposed to Indiana

- 21 -

for trial.  Moreover, Ms. Hurt identified one of her witnesses as David Souder, who was decedent's former co-worker.  *Id.*  Mr. Souder resides in Indiana. *Id.*  As the trial court determined, "the overwhelming number of witnesses-- especially [the decedent's] former co-workers and supervisors-- reside in the state of Illinois or Indiana."  Trial Court Opinion, filed 8/3/20, at 6 (footnote omitted).

Furthermore, in **Robbins**, this Court specifically recognized that "a viewing of the site was not at issue."  **Robbins**, 212 A.3d at 90 n.8.  However, in the case *sub judice*, Appellees averred it would be "important" to visit the decedent's work sites during trial. **See** Appellees' Motion to Dismiss, filed 10/25/19. The trial court specifically accepted Appellees' argument and concluded the necessity of viewing the work premises weighed in favor of dismissal. Trial Court Opinion, filed 8/3/20, at 7.

As it pertains to the public factors, in the case *sub judice*, the trial court concluded there would be more administrative difficulties if the case is tried in Philadelphia, Pennsylvania, as opposed to Illinois or Indiana.  There was no such finding by the trial court in **Robbins**.

Accordingly, although the trial court accepted in this case that Ms. Hurt identified four witnesses, all of whom formerly worked for Consolidated Rail in

Pennsylvania,[11] and three of whom presently reside in Pennsylvania,[12] the trial court held that, upon weighing all of the relevant factors, Appellees met their burden of demonstrating "weighty reasons" for dismissal.

Based on the record, we find no abuse of discretion. The trial court properly weighed the private and public factors using the correct evidentiary burden. *Ficarra*, *supra*. Thus, we affirm the order granting Appellees' motion to dismiss.

As this Court has previously recognized, it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not "an exercise in counting numbers." *Bochetto*, 151 A.3d at 1083. *See Hovatter*, *supra* (holding that, in reviewing orders dismissing an action under the doctrine of *forum non conveniens*, if there is any basis for the trial court's decision, the decision must stand).

Affirmed.

_____

[11] To the extent Ms. Hurt avers the trial court did not consider the fact she had four fact witnesses, all of whom previously worked for Consolidated Rail at its corporate headquarters in Philadelphia, we find no merit. The trial court indicated that it considered Ms. Hurt's witnesses in assessing whether Appellees demonstrated "weighty reasons" for dismissal. *See* Trial Court Opinion, filed 8/3/20, at 6 n.2.

[12] Based on the record in *Robbins*, the trial court determined that all four of the plaintiff's witnesses (Comstock, Barringer, Thomas, and Kovac) resided in Pennsylvania. In the case *sub judice*, the record revealed Mr. Barringer resides in Florida.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/15/2021*