J-A03010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AITA SUSI, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PETER PAN BUS LINES, INC. | |
| Appellee | No. 508 EDA 2021 |

Appeal from the Order Entered February 5, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: 200802819

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 26, 2022**

Appellant, Aita Susi, M.D., appeals from an order granting the motion of Appellee, Peter Pan Bus Lines, Inc., to dismiss this personal injury action under the doctrine of *forum non conveniens* with leave for Appellant to refile this action in Massachusetts. After careful review, we affirm.

On September 2, 2020, Appellant, a Pennsylvania citizen, filed a one-count complaint in the Court of Common Pleas of Philadelphia County alleging negligence against Appellee and John Doe Co.[1] The complaint alleged that Appellee is a Massachusetts corporation with a principal place of business in Massachusetts, is authorized to do business within Pennsylvania, and maintains a facility in Philadelphia County, thus making Philadelphia County a proper venue for this action. The complaint alleged that on September 6,

---

[1] Throughout these proceedings, Appellant never identified this defendant.

2018, Appellant hit her head on the door of Appellee's bus while traveling from Boston to Cape Cod, Massachusetts, while backing out of the bus's luggage carriage. Appellant sought damages for her injuries.

On October 23, 2020, Appellee filed both an answer to the complaint and a motion to dismiss for *forum non conveniens* pursuant to 42 Pa.C.S.A. § 5322(e) in order for Appellant to refile the matter in Massachusetts. On November 18, 2020, the court issued a rule to show cause allowing discovery and supplemental briefs on the *forum non conveniens* issue.

In response, Appellee filed affidavits of three witnesses, all of whom are employed by Appellee and likely will be called to testify in this matter. The first witness, Gary Zimmerman, drove the bus in the underlying incident on the date of the incident. Zimmerman resides in Suffolk County, Massachusetts and reports to Providence, Rhode Island or Chelsea, Massachusetts in the course of his employment. The second witness, Ed Caouette, was another operator of the bus on the date of the incident. Caouette resides in Chepachet County, Rhode Island, and reports to Providence, Rhode Island in the course of his employment. Zimmerman and Caouette averred that they would testify about the incident in question, Appellee's safety protocols during travel, and protocols for reporting incidents. The third witness, Chas Bradshaw, is Appellee's safety manager and reports to the same locations as Zimmerman. Bradshaw was responsible for Appellee's initial investigation in this case. Bradshaw averred that he would testify about the route the bus was traveling on the date of the incident, safety measures and protocols bus drivers must

follow during travel, and any relevant safety maintenance or repairs the subject bus has undergone. All three witnesses stated that it would cause significant disruption to their employment and personal life to travel approximately 300 miles to participate in this litigation.

Appellant provided two sworn affidavits in this matter, one signed by Appellant and the other by Appellant's counsel. Appellant's affidavit identified ten potential fact witnesses and seven expert medical provider witnesses whom she claimed were based in Pennsylvania. Appellant did not explain what connection nine of these individuals had to the matter or the nature of their intended testimony. With regard to the other witness, Barbara Billings, Appellant merely averred that Billings picked her up near the scene of the accident. Appellant alleged that it would be costly to pay expenses for her witnesses to travel to Massachusetts to testify. Appellant did not submit any affidavits from any witnesses identified in her affidavit. Nor did she take discovery from Appellee or its witnesses relating to the *forum non conveniens* issue.

Appellant stated that her attorneys of choice are based in Philadelphia and are not licensed to practice in Massachusetts. She alleged that it would be costly to pay expenses for her attorneys to travel to Massachusetts to litigate this case.

On February 5, 2021, the trial court entered an order granting Appellees' motion to dismiss with prejudice to be refiled, if Appellant so chose, in Massachusetts. The court observed that Massachusetts' three-year statute of

limitations would not expire until September 8, 2021, making an alternative forum available. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue in this appeal:

1. Did the trial court abuse its discretion and rule in a matter contrary to law in granting Appellee's Motion to Dismiss the case pursuant to *forum non conveniens* by:

(a) Finding that Appellee established weighty reasons under the law for dismissal due to *forum non conveniens* when the private and public factors did not weigh strongly favor dismissal;

(b) Finding that Appellee established that the private factors strongly favored dismissal and outweighed Appellant's choice of forum when Appellee did not establish factors pursuant to the law including relative ease to access of sources of proof, compulsory process or attendance of unwilling witnesses when Appellee proffered less witness than Appellant, the sources of proof are just as easily accessible in Pennsylvania and Appellant is a Pennsylvania resident;

(c) In finding that Appellee established public factors that strongly favored dismissal and outweighed Appellant's choice of forum when the matter has a strong nexus to Pennsylvania, would not burden Pennsylvania juries and when Pennsylvania Courts could easily apply Massachusetts law.

(d) In finding that the Appellee met its burden under *forum non conveniens* when the legal standards established by This Honorable Court favor the matter remaining in Pennsylvania.

Appellant's Brief at 5-6.

The doctrine of *forum non conveniens* permits the trial court to dismiss a case in whole or in part if it "finds that in the interest of substantial justice the matter should be heard in another forum[.]" 42 Pa.C.S.A. § 5322(e). The party seeking dismissal bears the burden of proof. ***Failor v. FedEx Ground Package System, Inc.***, 248 A.3d 527, 535 (Pa. Super. 2021). Our courts lack the authority to transfer matters to courts of our sister states; rather, when appropriate, our courts should dismiss the action to permit refiling in another state. ***Rahn v. Consolidated Rail Corporation***, 254 A.3d 738, 747 n.6 (Pa. Super. 2021).

The *forum non conveniens* doctrine "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." ***Id.*** at 747. Two main factors guide the determination on whether the plaintiff has chosen a proper forum. ***Id.*** at 748. One is whether the plaintiff has an available alternative forum to refile claims if they are dismissed. ***Id.*** Appellant does not claim that at the time the trial court dismissed this lawsuit, the statute of limitations barred her from refiling this action in Massachusetts, so we need not analyze this factor further.

The second factor, which the parties dispute, is whether "weighty reasons" justify the court's decision to altering the plaintiff's choice of forum. ***Id.*** The plaintiff's choice of forum must be given a high degree of deference,

but to a lesser extent where the plaintiff chooses a foreign forum in which to litigate his claims. *Id.* The assessment of "weighty reasons" implicates both public and private factors. *Id.* Private factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

*Id.* Public factors include:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* "It is within the trial court's discretion to weigh some of these factors more heavily than others," because "weighing the factors is not an exercise in counting numbers." *Lyndes v. Penn Central Corporation*, 254 A.3d 725, 738 (Pa. Super. 2021).

*Forum non conveniens* requires the court to consider the relative convenience of the forum state and the state proposed by the defendant as the proper forum. *Failor*, 248 A.3d at 537 (in personal injury action brought in Philadelphia by plaintiff who resided in Hagerstown, Maryland, determination of *forum non conveniens* required court to consider relative

convenience of Pennsylvania and Maryland, not Philadelphia and Hagerstown; court abused its discretion by dismissing case on ground that Philadelphia was inconvenient forum).

We review orders on motions to dismiss under *forum non conveniens* for abuse of discretion. ***Rahn***, 254 A.3d at 747. "This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand." ***Id.*** "An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary." ***Id.*** "An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary." ***Id.***

The trial court held that Appellee provided sufficient evidence to demonstrate that the private factors "weigh[ed] heavily" in Appellee's favor, based on a qualitative comparison of Appellant's and Appellee's proposed witnesses, the location of all safety and maintenance records in Massachusetts and Appellee's principal place of business in Massachusetts. Trial Ct. Op., 8/10/21, at 6-8. Appellant claims that the trial court abused its discretion and "misapplied the private factors" because: (1) Appellee "only" identified three witnesses who would need to travel to Philadelphia, whereas Appellant

identified nine fact witnesses and seven expert witnesses; (2) the location of the bus and accident is irrelevant; and (3) Appellant's choice of forum and counsel is purportedly entitled to great weight. We hold that the court's analysis of private factors was a proper exercise of its discretion.

First, Appellant argues that Appellee only listed three fact witnesses from Rhode Island or Massachusetts, whereas Appellant listed nine fact witnesses and seven expert witnesses from Pennsylvania. To begin, the location of Appellant's expert witnesses is not given significant weight in *forum non conveniens* analysis, because experts are selected by the parties and are available virtually anywhere in the United States. ***Aerospace Fin. Leasing, Inc. v. New Hampshire Ins. Co.***, 696 A.2d 810, 814 (Pa. Super. 1997). With regard to the number of fact witnesses, the weighing of private factors

> is not an exercise in counting numbers . . . The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses.

***Bochetto v. Dimeling, Schreiber & Park***, 151 A.3d 1072, 1083 (Pa. Super. 2016). Appellee submitted affidavits from three fact witnesses, two bus drivers and one safety manager, which described the substance of each witness's testimony. These witnesses, who reside either in Massachusetts or Rhode Island, asserted that traveling to Philadelphia to participate in this litigation would cause significant disruption to their personal and professional life. Two of the three witnesses were the driver and operator, respectively, of

the bus in question, who will testify about safety protocols and incident reporting procedures. The third witness is the person responsible for initial investigations into personal injury complaints involving travel on Appellee's busses. Appellant, on the other hand, failed to provide any affidavit from her proposed fact witnesses or describe the nature of their testimony beyond labeling each witness as a "damage" witness or "medical provider." Moreover, Appellant's witnesses live in "the Pennsylvania area" and have no connection with the vicinity of the accident. Thus, the trial court properly exercised its discretion by focusing on the quality of each party's fact witnesses instead of their quantity and determining that the quality of Appellee's witnesses weighed in favor of Appellee. *See Rahn v. Conrail*, 254 A.3d 738, 753 (Pa. Super. 2021) (trial court did not abuse its discretion where it afforded more weight to witnesses defendants identified, noting that "[appellant] failed to present a sufficient factual basis to allow the support [of] its claims with respect to the witnesses' . . . testimony . . . [and] did not indicate how these particular witnesses could offer specific testimony that would be relevant to [appellant's] claims").

Next, Appellant argues that the location of the bus and alleged incident are irrelevant. The trial court found that the bus and its relevant maintenance records are in Massachusetts, making it easier for an inspection of the bus to take place in Massachusetts. Appellant claims that these facts are immaterial, declaring that the location of the accident is irrelevant and that no need exists

for the jury to view or inspect the bus. It is well settled, however, that the site of the incident is an appropriate factor in *forum non conveniens* analysis. ***See Stevens v. Penn Central Corp.***, 251 A.3d 789, 810-11 (Pa. Super. 2021) (trial court properly determined that inspection of location of incident may be necessary, where "Appellees averred it would be important to visit [the site] during trial . . . [and] [t]he trial court specifically accepted Appellees' argument and concluded the necessity of viewing the work premises weighed in favor of dismissal"); ***Hurt v. Penn Cent. Corp.***, 250 A.3d 1227, 1239 (Pa. Super. 2021) (same). We have also recognized the relevance of the location of evidence in *forum non conveniens* analyses. ***Stevens***, 251 A.3d at 810-11; ***Hurt***, 250 A.3d at 1239; ***see also Flaxman v. Burnett***, 574 A.2d 1061, 1067 (Pa. Super. 1990) (*forum non conveniens* motion properly granted where, *inter alia*, all evidence was located in another county). We hold that the trial court properly found that the location of the bus weighs in favor of litigating this matter in Massachusetts.

Next, Appellant insists that the trial court ignored the fact that Appellant resides in Pennsylvania and gave no weight to her choice of counsel and the fact that a trial in Massachusetts would deprive her of counsel of her choice. The trial court, however, gave adequate consideration to both Appellant's residence and her forum choice. The trial court explicitly stated in its opinion that "[t]his Court did take note and considered the fact that [Appellant] resides closer to Philadelphia than Massachusetts," Trial Ct. Op. at 9, but

notwithstanding Appellant's residence and forum choice, dismissal was appropriate. As for Appellant's claim that the court deprived her of counsel of her choice, we have held in the past that the location of the plaintiff's counsel is not a compelling consideration:

> [T]he trial court correctly declined to give compelling weight to this factor, noting that it is unsupported by any case law . . . Indeed, we have approved in the past a trial court's observation that [t]he only discernible contact that this case has with Pennsylvania is the location of plaintiffs' counsel, and we refuse to recognize this as a compelling consideration . . . Plaintiffs cite no law to the contrary, and we are told of no reason why Plaintiffs may not continue to benefit from the expertise of their chosen counsel by using him as a consultant if the litigation is outside of Pennsylvania.

**Bochetto**, 151 A.3d at 1085. This logic applies as convincingly to this case as it did in **Bochetto**.

For these reasons, we conclude that the trial court properly exercised its discretion in its private factors analysis.

Turning to public factors, Appellant contends that the trial court failed to consider two links to Pennsylvania; Appellant's residence in Pennsylvania and Appellee's operation of a bus terminal in Pennsylvania. As discussed above, the court gave due consideration to Appellant's residence in Pennsylvania but still found that dismissal was appropriate. Appellee's Philadelphia bus terminal has no relation to Appellant's case. Appellant did not travel to or from this bus terminal in connection with the alleged incident and has never alleged any other facts that implicate the Philadelphia terminal in this suit. Pennsylvania courts have recognized that such marginal

connections between a party's business activities in the forum and the claims at issue weigh in favor of granting *forum non conveniens* motions. This Court has held that "[i]n considering the public interest as it relates to a plaintiff's choice of forum under Section 5322(e), our case law recognizes that imposing jury duty and court costs on communities with no relation to the plaintiff's claim weighs in favor of transferring a case." ***Wright v. Consolidated Rail Corp.***, 215 A.3d 982, 996 (dismissal on *forum non conveniens* grounds was proper where "the only connection a Philadelphia jury would have to this case is that of, perhaps, being familiar with [appellee], which the trial court concludes has a 'signature local name' and maintains a 'public presence.' . . . However, the repetitive shoulder injuries complained of by [Appellant] were not caused in connection with any of [appellee's] activities occurring in Philadelphia").

The trial court also observed correctly that Massachusetts law governs this incident, and it would be appropriate for a Massachusetts jury to apply Massachusetts law.

Two decisions that Appellant relies upon heavily, ***Failor*** and ***Robbins v. Consol. Rail Corp.***, 212 A.3d 81 (Pa. Super. 2019), are distinguishable from this case. In ***Failor***, the plaintiff, a Pennsylvania resident, brought suit in Philadelphia against an entity that maintained a principal place of business and regularly transacted business in Pennsylvania, for injuries resulting from a Maryland accident. The defendant moved to dismiss or to transfer the

matter to another Pennsylvania county on *forum non conveniens* grounds. The trial court dismissed the action, but we reversed for two main reasons. We first noted that "the court premised this decision on the basis that Hagerstown, Maryland was a more convenient forum than Philadelphia, Pennsylvania, not Maryland and Pennsylvania as a whole . . ." *Id.* at 536. Second, the trial court considered the plaintiff's difficulty and inconvenience in litigating the case in Philadelphia, but the plaintiff's difficulty was not a valid *forum non conveniens* factor. *Id.* at 537.

Here, unlike *Failor*, the trial court correctly weighed the relative inconvenience of litigating this matter in Pennsylvania on the one hand, where the only connection to this matter is Appellee's unrelated bus terminal, and Massachusetts on the other, where the incident occurred, and where the site of the incident, critical trial witnesses, and evidence are located. Furthermore, unlike in *Failor*, there is no indication that the trial court based its decision or analysis on the inconvenience to Appellant of litigating the matter in Pennsylvania.

*Failor* is further distinguishable on its facts. There, numerous private and public factors weighed in favor of finding that Pennsylvania was not an inconvenient forum, since "the Failors have lived in Pennsylvania; Failor received all medical treatment in Pennsylvania; the trailer he was driving was scheduled to return to Pennsylvania; Shelley DePriest, the only FedEx Ground employee with firsthand knowledge of the incident, resided in Pennsylvania at

- 13 -

the time of giving her affidavit; Mr. White and Mr. Belasco [two other FedEx employees listed as witnesses] only work twenty miles from the Pennsylvania border; and FedEx Ground's principal place of business is in Pennsylvania." *Id.*, 248 A.3d at 537. The present case is far different. The bus in question operates solely in Massachusetts, all of Appellee's witnesses reside over 300 miles away in or near Massachusetts, and Appellee is a Massachusetts registered corporation with a principal place of business in Massachusetts.

In **Robbins**, the plaintiff, an Indiana resident, filed suit through an estate representative against two Pennsylvania incorporated entities in Philadelphia for personal injuries sustained while the decedent worked at the defendants' Indiana facility. The trial court denied the defendants' motion to dismiss on *forum non conveniens* grounds, and we affirmed. We held that Pennsylvania was not an inconvenient forum based on the specific facts in that case. The decedent's employment records "were located within miles of the Pennsylvania state border in Mount Laurel, New Jersey." *Id.*, 212 A.3d at 86. The plaintiff identified and described four Philadelphia-based employees of defendants as trial witnesses, whereas defendants identified two witnesses, neither of whom resided in Indiana or Pennsylvania. *Id.* at 85. Further, "the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia." *Id.* at 85-86. The defendants also conceded that no party would likely view the work site at issue. *Id.* at 90. None of

these facts apply here. Appellee is a Massachusetts corporation, and its records concerning safety and inspection practices, as well as the incident at issue, are in Massachusetts. Appellee identified three critical witnesses from Massachusetts and Rhode Island and explained the nature of their testimony, whereas Appellant's witnesses reside in Pennsylvania, and Appellant failed to explain the nature of their testimony. Appellee also averred, and the trial court accepted, that a jury view of the bus, which is in Massachusetts, may be necessary. Accordingly, Appellant's reliance on **Robbins** is misplaced.

In short, the trial court acted within its discretion by determining that private and public factors were weighty enough to justify dismissal of this case with leave to refile it in Massachusetts. We affirm the court's order dismissing this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2022